1  NICHOLAS B. STRALEY
   MERF EHMAN
2  COLUMBIA LEGAL SERVICES
   101 YESLER WAY, #300
3  SEATTLE, WA 98104

_____ FILED _____ ENTERED
_____ LODGED_____ RECEIVED

FEB 2 0 2009   DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                        DEPUTY

4

5

6  IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF WASHINGTON

7

8  MARKELETTA WILSON, and all other
   similarly situated individuals,

9                    Plaintiffs,

10            vs.

11  SEATTLE HOUSING AUTHORITY, and
    THOMAS TIERNEY, Executive Director of
12  the Seattle Housing Authority, in his Official
    Capacity
13
              Defendants.
14

15

CLASS ACTION

No. CV9          226 JLR

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF



**09-CV-00226-CMP**

16            **I.   PRELIMINARY STATEMENT**

17     1.1     The plaintiff, Markeletta Wilson, brings this complaint against the defendants,

18  Seattle Housing Authority and its Executive Director Thomas Tierney, on her own behalf and on

19  behalf of a class of all people whom the defendants have expelled from the Section 8 Housing

20  Choice Voucher program in the last six years.

21     1.2     The defendants who administer the Section 8 Housing Choice Voucher program,

22  a federal housing program for extremely low income Seattle residents, have engaged in a pattern

23  and practice of terminating Section 8 Vouchers without providing the Voucher holders with due

COMPLAINT... - 1

1 │ process of law and without complying with other applicable legal requirements. The defendants

2 │ have failed to provide Section 8 Voucher holders with pre-termination informal grievance

3 │ hearings that meet constitutional requirements, have intentionally discriminated against the

4 │ plaintiff and other disabled people by refusing to provide them with reasonable accommodations,

5 │ have imposed rules and policies that have a disparate impact upon disabled people, and have

6 │ failed to properly notify the plaintiff and the other members of the plaintiff class of their right to

7 │ seek judicial review of the defendants' decisions to terminate their Section 8 Vouchers.

8 │     1.3    The plaintiff asks the Court to certify this matter as a class action lawsuit pursuant

9 │ to Fed R. Civ. P. 23(b)(2). Ms. Wilson also asks the Court to enjoin the defendants from

10 │ continuing their illegal actions and to require that the defendants provide informal hearings that

11 │ comply with applicable laws to all people terminated from the Section 8 Voucher program within

12 │ the last six years. Ms. Wilson also seeks an award of reasonable attorneys' fees and costs

13 │ associated with bringing this action.

14 │ 

**II.    JURISDICTION AND VENUE**

15 │     2.1    This Court has jurisdiction over the federal claims presented pursuant to 28

16 │ U.S.C. § 1331, 42 U.S.C. § 3613, and 29 U.S.C. § 794a. Plaintiff's federal claims are made

17 │ pursuant to 42 U.S.C. § 1983; 42 U.S.C. § 3601 *et seq.*; 29 U.S.C. § 794a; and 42 U.S.C. §§

18 │ 12133 and 12188. The Court has supplemental jurisdiction over the state law claims pursuant to

19 │ 28 U.S.C. § 1367.

20 │     2.2    Venue is proper in the United States District Court for the Western District of

21 │ Washington because each of the parties resides in western Washington or is an entity located and

22 │ doing business within western Washington and all or most of the events relevant to the claims

23 │ and causes of action herein alleged occurred within western Washington.

COMPLAINT... - 2

1

### III.    PARTIES

2 **Plaintiff And Proposed Class**

3      3.1    Plaintiff, Markeletta Wilson, is a woman currently living in Seattle, Washington.

4 Ms. Wilson brings this action on her own behalf and as a representative plaintiff of a class of

5 similarly situated other people described as:

6      (a)    All people whom the defendants have terminated from the Section 8 Housing

7 Choice Voucher program within the last six years and all people whom the defendants will

8 terminate from the Section 8 Housing Choice Voucher program in the future.

9 **Defendants**

10      3.2    Defendant, Seattle Housing Authority (hereinafter "SHA"), is a public housing

11 authority established pursuant to RCW 35.82 et. seq.. SHA is a "public body corporate and

12 politic" authorized to exercise governmental powers and duties under the laws of the State of

13 Washington.

14      3.3    SHA administers and operates the Section 8 Housing Choice Voucher program

15 (hereinafter "Section 8 Voucher program") pursuant to federal funds provided for that purpose.

16 SHA's offices are located at 120 6th Ave. N., Seattle, WA  98109.

17      3.4    Defendant Thomas Tierney is the Executive Director of SHA.  He is responsible

18 for implementing and administering SHA's programs and policies, including those associated

19 with the Section 8 Voucher program.  He is named in his official capacity only.

20      3.5    All of the actions described below taken by the defendant SHA, its directors,

21 officers, employees or agents constitute state action and were actions taken under color of state

22 law.

23

COMPLAINT... - 3

## IV.   FACTS AND LAW REGARDING
## SHA'S SECTION 8 VOUCHER PROGRAM

4.1     The Section 8 Voucher program is administered nationally by the United States Department of Housing and Urban Development (HUD).  HUD contracts with thousands of "public housing authorities" (PHAs) across the country to run Section 8 Voucher programs in local areas.

4.2     SHA is the PHA that operates the Section 8 Voucher program in Seattle, Washington.

4.3     Through it's Section 8 Voucher program, SHA pays a share of the rents charged by private landlords from whom Voucher program participants (hereinafter "Voucher holders" or "participants") lease homes.

4.4     SHA receives federal Section 8 funds from the federal government through HUD from which SHA pays Voucher holders' private landlords.

4.5     SHA keeps a portion of these federal Section 8 funds for its own purposes as administrative fees for running the Section 8 Voucher program.

4.6     Individuals and families must meet certain eligibility criteria in order to qualify to participate in SHA's Section 8 Voucher program.

4.7     Most individuals and families who receive Vouchers through SHA earn less than 30% of the area median income when accepted into the program.

4.8     30% of the median income in Seattle is $24,440 for a family of four.

4.9     Because of their extremely limited incomes, most Section 8 Voucher holders would be unable to afford to pay rents on the private market without the federal Section 8 Voucher rental subsidy.

COMPLAINT... - 4

1    4.10    Consequently, many Section 8 Voucher holders would be homeless if SHA

2    terminated their Section 8 Vouchers.

3    4.11    Section 8 Voucher holders have a constitutionally protected property interest in

4    the continued receipt of Section 8 Voucher benefits.

5    4.12    SHA cannot terminate this constitutionally protected property interest without

6    providing a Voucher holder pre-termination, procedural due process protections, including

7    appropriate notice and an adequate opportunity to be heard.

8    4.13    SHA cannot terminate this constitutionally protected property interest without

9    having good cause to do so and without proving that such good cause exists.

10    4.14    SHA cannot terminate this constitutionally protected property interest without

11    providing written notice to Section 8 Voucher holders following an informal hearing that

12    explains that the Voucher holder has the right to seek judicial review of SHA's decision and

13    explains the process by which the Voucher holder may access such review.

14    4.15    HUD has issued regulations that lay out the permissible bases upon which SHA

15    may terminate a participant's Section 8 Voucher. Those regulations are found at 24 C.F.R. §

16    982.551-.553.

17    4.16    HUD has also issued regulations that lay out some of the steps that the defendants

18    must follow before they can terminate a participant's Section 8 Voucher. Those regulations are

19    found at 24 C.F.R. § 982.555.

20    4.17    The HUD regulations do not explicitly layout all of the steps and procedural

21    protections that the defendants must provide before finally terminating a participant's Section 8

22    Voucher.

23

COMPLAINT... - 5

4.18    Because SHA is a public entity and state actor, it must comply with all procedural protections required by the Due Process Clauses of the Washington and United States constitutions before terminating any participant's Section 8 Voucher.

4.19    Both the Washington and United States constitutions require the defendants to provide participants with additional procedural protections that are not explicitly included in HUD regulations.

4.20    Pursuant to HUD regulations and the Washington and United States constitutions, the defendants must provide the participant with an adequate written notice of the bases for the proposed termination prior to termination and of the participant's right to a pre-termination grievance hearing, called an "informal hearing".

4.21    If a participant requests an informal hearing, HUD regulations and the Washington and United States constitutions require that that the defendants conduct the informal hearing in a particular manner and provide the participant with certain minimal procedural protections.

4.22    A "hearing officer" presides over the informal hearings.

4.23    If the hearing officer upholds the defendants' decision to terminate the Voucher after an informal hearing, the defendants stop making rental payments to the Voucher holder's landlord.

4.24    The defendants employ and pay this hearing officer.

4.25    Each hearing officer is either the defendants' employee or is an independent contractor with whom the defendants contract to act as a hearing officer.

COMPLAINT... - 6

Columbia Legal Services
101 Yesler Way, #300
Seattle, WA 98104
Phone: (206) 464-5933  Fax: (206) 328-3386

1    4.26    At all times relevant, each hearing officer was either the defendants' employee

2    acting within the scope of his or her employment or was the defendants' agent who had the

3    defendants' apparent and actual authority to act in the manner described herein.

4    4.27    The defendants have not properly vetted, trained or supervised all of their hearing

5    officers in order to ensure that all of their hearing officers have the skills, knowledge and training

6    necessary to properly adjudicate informal hearings and reach appropriate, reasoned and lawful

7    decisions.

8    4.28    Pursuant to HUD regulations and the Washington and United States constitutions,

9    the defendants must provide a Voucher holder with an informal hearing where an impartial

10   hearing officer considers whether the defendants' decision to terminate the Voucher is "in

11   accordance with the law, HUD regulations and PHA policies". 24 C.F.R. § 982.555(a).

12   4.29    Pursuant to HUD regulations and the Washington and United States constitutions,

13   the defendants must provide participants with the following procedural protections as part of its

14   informal hearing process:

15   (a)    The opportunity to confront and cross examine adverse witnesses;

16   (b)    the opportunity to present witnesses and evidence;

17   (c)    the opportunity to retain and be represented by counsel;

18   (d)    the opportunity to advance and have the hearing officer fully consider any

19   relevant factual or legal argument;

20   (e)    a sufficiently skilled, trained and impartial hearing officer;

21   (f)    a written decision from the hearing officer that is solely based on the applicable

22   laws, regulations, rules or policies and the arguments and evidence presented at the hearing, that

23   includes a clear and correct statement of the evidence presented, the evidence relied upon and the

COMPLAINT... - 7

1  rationale supporting the decision, and one that is not based solely upon uncorroborated hearsay
2  testimony or evidence;

3      (g)     a transcript or official report containing the substance of what transpired at the
4  hearing; and

5      (h)     written notice of the opportunity, timeline and path to seek judicial review of the
6  defendants' final termination decision.

7      4.30    The defendants have failed to meet these regulatory and constitutional obligations
8  in the informal hearing processes in the following ways:

9      (a)     The defendants' policy and practice has been to prohibit participants from raising
10  legal arguments or affirmative defenses in informal hearings;

11      (b)     the defendants' policy and practice has been to prohibit hearing officers from
12  overturning the defendants' termination decisions based upon arguments that:

13          (1)     The Voucher termination would violate the participant's (or a member of
14      the participant family's) rights under any law forbidding discrimination on the basis of
15      membership in a protected class;

16          (2)     the defendants should not terminate a Voucher because of the existence of
17      a reasonable accommodation to a person's disability that the defendants have not
18      provided;

19          (3)     the termination is barred by an equitable doctrine such as waiver, estoppel,
20      or laches;

21          (4)     the termination would be inappropriate in light of mitigating factors such
22      as those contemplated by 24 C.F.R. § 982.552(c)(2);

23

COMPLAINT... - 8

1              (5)     the decision to terminate a Voucher was an abuse of SHA's discretion

2  considering other similar circumstances; or

3              (6)     the termination of assistance would violate the federal or Washington

4  constitutions, a statute or ordinance, or other code, or conflict with the common law of

5  the community;

6        (c)     the defendants and their hearing officers have relied solely upon hearsay

7  testimony or evidence without any corroborating, non-hearsay evidence when terminating

8  participants' vouchers;

9        (d)     the defendants and their hearing officers have regularly failed to provide Voucher

10  holders who lose informal hearings with adequate written notice of their right to seek judicial

11  review of those decisions;

12       (e)     the defendants and their hearing officers have regularly failed to provide Voucher

13  holders who lose informal hearings with adequate written notice of the process they must follow

14  in order to seek judicial review of SHA's decisions to terminate Vouchers; and

15       (f)     the defendants and their hearing officers have regularly failed to provide Voucher

16  holders who lose informal hearings with written notice of any applicable deadlines they must

17  meet in order to seek judicial review of SHA's decisions to terminate Vouchers.

18      4.31    As a PHA, SHA has a legal obligation to "affirmatively further fair housing".

19      4.32    Yet, the defendants' policy and practice has been either to refuse to consider or to

20  deny reasonable accommodations as part of the informal hearing process without taking any

21  affirmative steps to reasonably accommodate participants' disabilities.

22

23

COMPLAINT... - 9

1    4.33    The defendants' policy and practice has been either to refuse to consider or to

2    deny reasonable accommodations requested as part of the informal hearing process without

3    doing any investigations to determine whether reasonable accommodations may be necessary.

4    4.34    The defendants' policies and practices have had severe, negative and

5    disproportionate impacts upon people with disabilities or handicapped people.

6    4.35    The consequences of the loss of a Section 8 Voucher are devastating for a

7    Voucher holder, whether disabled or not disabled.

8    4.36    When the defendants terminate payments to a Voucher holder's landlord, the

9    Voucher holder and her family are often unable to pay the full amount of rent due.

10    4.37    Many are forced to move out of their homes or are evicted after the defendants'

11    terminate their Vouchers, rendering those families homeless.

12    4.38    The defendants' termination decisions have other long lasting and severe

13    consequences for a Voucher holder's entire family.

14    4.39    A Voucher termination may affect a family's ability to find any housing, even

15    unsubsidized housing.

16    4.40    Many prospective landlords refuse to rent to tenants who have been evicted in the

17    past.

18    4.41    And so, if a family is evicted from their home following the loss of their Voucher,

19    the record of that eviction will make it much more difficult for the family to find new housing,

20    even if they can afford the full rent.

21    4.42    Termination for violation of program rules also may make all members of that

22    family ineligible to receive a new Voucher or other types of federal housing assistance for many

23    years. *See e.g.,* 24 C.F.R. § 982.552(c)(iii) (allowing a PHA to deny admission to the Voucher

COMPLAINT... - 10

Columbia Legal Services
101 Yesler Way, #300
Seattle, WA 98104
Phone: (206) 464-5933  Fax: (206) 328-3386

1   program to any person whose family member has ever had a Voucher terminated by that or any

2   other PHA).

3        4.43    The disruption caused to a Voucher holder's children from the loss of their home

4   can be life altering.  Newly homeless children are uprooted from their familiar surroundings, lose

5   touch with their friends and classmates, and witness the familial stress that severe economic

6   turmoil creates.

7        4.44    Even if the family is able to find the funds to remain in their home, the loss of the

8   Voucher subsidy means that the family's marginal economic circumstances become even worse.

9        4.45    The family must cut back in other essential areas in order to fund their newly

10   increased housing costs.

11        4.46    The family's credit may suffer as other bills go unpaid in order to make rent at a

12   greatly increased level.

13   **V.    FACTS RELATED TO THE REPRESENTATIVE PLAINTIFF**
     **MARKELETTA WILSON**

14

15        5.1    The representative plaintiff, Markeletta Wilson, held a Section 8 Voucher with

16   SHA until the defendants terminated her Voucher by hearing decision dated February 26, 2007.

17        5.2    Ms. Wilson had been a participant in the Voucher program for a number of years

18   prior to her termination.

19        5.3    Ms. Wilson used the Section 8 Voucher to subsidize her rent on an apartment that

20   she and her son, Dewayne Jackson, shared.

21        5.4    In May 2005, Ms. Wilson filled out a personal declaration form for SHA

22   indicating that she was disabled.

23

COMPLAINT... - 11

1   5.5   Ms. Wilson suffers from physical disabilities including artery disease and
2   breathing problems

3   5.6   Ms. Wilson also suffers from depression. She has struggled with this mental
4   illness since she was young and was hospitalized for it as a teenager.

5   5.7   When Ms. Wilson is depressed, she cries, can't get out of bed, and struggles to
6   follow through on tasks. Her disabilities cause her significant problems with reading and reading
7   comprehension.

8   5.8   Ms. Wilson has been treated over the years by a number of mental health
9   specialists for her depression.

10   5.9   Because of her disabilities, Mr. Wilson has found it difficult to hold down gainful
11   employment in the past or engage in other activities of daily living.

12   5.10   Ms. Wilson has received federal and state financial benefits because her
13   disabilities have rendered her unable to work.

14   5.11   Ms. Wilson's depression deepened when her sister-in-law became ill and then
15   became even more severe following her brother's death in the Spring of 2005.

16   5.12   During this same time period, because of her landlord's refusal to complete
17   repairs or pay for landlord-supplied utilities, Ms. Wilson's living conditions in the apartment she
18   rented with her Section 8 Voucher deteriorated to the point where her health and safety were in
19   serious danger.

20   5.13   In fact, in December 2006, the City of Seattle condemned the property because of
21   these hazardous conditions, forcing Ms. Wilson to move from the apartment.

22   5.14   Ms. Wilson's horrid living conditions exacerbated her existing mental and
23   physical disabilities.

COMPLAINT... - 12

1    5.15    Ms. Wilson is an individual with a disability or "handicap"; a person living with

2  one or more physical or mental impairments that substantially limit or have limited at least one

3  or more major life activities.

4    5.16    Ms. Wilson has a record of such physical or mental impairments that substantially

5  limit one or more major life activities.

6    5.17    Ms. Wilson is and has been regarded as having such impairments.

7    5.18    Many other people whom the defendants have terminated are also handicapped

8  individuals; people who have physical or mental impairments that substantially limit one or more

9  major life activities, have a record of such impairments, or are regarded has having such

10  impairments.

11    5.19    Ms. Wilson is a person with a disability in that she has a sensory, mental, or

12  physical impairment that: (a) Is medically cognizable or diagnosable; or (b) exists as a record or

13  history; or (c) is perceived to exist whether or not it exists in fact.

14    5.20    Many other people whom the defendants have terminated are also people with

15  disabilities in that they have sensory, mental, or physical impairments that: (a) are medically

16  cognizable or diagnosable; or (b) exist as a record or history; or (c) are perceived to exist

17  whether or not they exist in fact.

18    5.21    In December 2006, SHA sent Ms. Wilson a letter informing her that it was

19  seeking to terminate her Section 8 Voucher because SHA believed she had violated program

20  rules by failing to report information in a timely manner.

21    5.22    Ms. Wilson sought an informal hearing.

22    5.23    Prior to her hearing, Ms. Wilson sent a letter to SHA regarding her termination in

23  which she indicated that she was depressed, mentally delayed and physically ill.

COMPLAINT... - 13

1    5.24    SHA held an informal hearing on February 6, 2007.

2    5.25    During her hearing, Ms. Wilson attempted to present evidence regarding her

3    disabilities and their relationship to the events alleged by SHA.

4    5.26    During her hearing, Ms. Wilson attempted to present evidence regarding other

5    mitigating factors that SHA should consider before terminating her Section 8 Voucher.

6    5.27    At the hearing, SHA submitted Ms. Wilson's letter regarding her termination to

7    the hearing officer as part of its exhibits.

8    5.28    The hearing officer failed to consider whether Ms. Wilson was entitled to a

9    reasonable accommodation of her disabilities prior to being terminated from the Section 8

10   Voucher program.

11   5.29    Neither the hearing officer nor the defendants took any action to ensure that SHA

12   properly evaluated Ms. Wilson's situation in order to determine whether she was entitled to a

13   reasonable accommodation.

14   5.30    The hearing officer did not consider whether SHA should have exercised its

15   discretion and not terminated Ms. Wilson's Voucher in light of her disabilities and the other facts

16   related to her case.

17   5.31    The defendants' policy or practice of barring hearing officers from considering

18   any such issues in informal hearings caused the hearing officer to fail to consider a reasonable

19   accommodation or whether the defendants should have exercised their discretion and not

20   terminated Ms. Wilson's Voucher.

21   5.32    The defendants and their hearing officers had a policy and pattern and practice of

22   failing and refusing to consider arguments that a Voucher holder's Section 8 Voucher should not

23

COMPLAINT... - 14

Columbia Legal Services
101 Yesler Way, #300
Seattle, WA 98104
Phone: (206) 464-5933  Fax: (206) 328-3386

1   be terminated as a reasonable accommodation to a person's disability, because of the existence

2   of some other mitigating factor, or because of another equitable doctrine or defense.

3       5.33    The defendants' policy and pattern and practice denied Ms. Wilson and many

4   other people informal hearings that met federal and state constitutional requirements and

5   requirements imposed by federal and state statutes and regulations.

6       5.34    The defendants and their hearing officer failed to properly inform Ms. Wilson of

7   her right to judicial review of the defendants' decision when they terminated her from the

8   Section 8 Voucher program.

9       5.35    The defendants and their hearing officer failed to properly inform Ms. Wilson

10   about the process she must follow in order to receive judicial review of the defendants' decision

11   when they terminated her from the Section 8 Voucher program.

12       5.36    The defendants and their hearing officer failed to properly inform Ms. Wilson of

13   any applicable time limit or deadlines related to seeking such judicial review when the

14   terminated her from the Section 8 Voucher program.

15       5.37    By failing to provide proper information regarding her right to judicial review and

16   the process by which she could access it, the defendants violated rights granted to Ms. Wilson by

17   the federal and state constitutions.

18       5.38    The defendants, in operating their Section 8 Voucher program as detailed herein,

19   directly or through contractual, licensing, or other arrangements, solely on the basis of handicap:

20       (a) Denied Ms. Wilson and other qualified individuals with handicaps the opportunity to

21   participate in, or benefit from, the Section 8 Voucher program;

22

23

COMPLAINT... - 15

Columbia Legal Services
101 Yesler Way, #300
Seattle, WA 98104
Phone: (206) 464-5933 Fax: (206) 328-3386

1    (b) afforded Ms. Wilson and other qualified individuals with handicaps an opportunity to

2    participate in, or benefit from, the Section 8 Voucher program that was not equal to that afforded

3    to others;

4    (c) provided Ms. Wilson and other qualified individuals with handicaps with assistance

5    that was not as effective in affording the individual an equal opportunity to obtain the same

6    result, to gain the same benefit, or to reach the same level of achievement as that provided to

7    others;

8    (d) provided different or separate housing, aid, benefits, or services to Ms. Wilson and

9    other individuals with handicaps from that provided to others that was not necessary to provide

10   those qualified individuals with handicaps with housing, aid, benefits, or services that was as

11   effective as those provided to others; or

12   (e) otherwise limited Ms. Wilson and other qualified individuals with handicaps in the

13   enjoyment of any right, privilege, advantage, or opportunity enjoyed by other qualified

14   individuals receiving the housing, aid, benefit, or service.

15   5.39    The defendants, while operating the Section 8 Voucher program, discriminated

16   against Ms. Wilson and other qualified individuals in the terms, conditions or privileges of sale

17   or rental of a dwelling, or in the provision of services or facilities in connection with the rental of

18   a dwelling, because of handicap or disability.

19   5.40    The defendants, while operating the Section 8 Voucher program, have engaged in

20   conduct relating to the provision of housing which otherwise made unavailable or denied

21   dwellings to Ms. Wilson and other qualified individuals because of handicap or disability

22   5.41    The defendants, while operating the Section 8 Voucher program, have

23   discriminated in the rental, or otherwise made unavailable or denied, a dwelling to Ms. Wilson

COMPLAINT... - 16

1   and to other qualified individuals because of Ms. Wilson's handicap or the handicap of other

2   qualified individuals or the handicap of other people who live or are associated with such people.

3       5.42    The defendants, while operating the Section 8 Voucher program, have

4   discriminated against Ms. Wilson and other qualified individuals in the terms, conditions, or

5   privileges of the rental of a dwelling, or in the provision of services or facilities in connection

6   with such dwelling, because of a handicap or disability.

7       5.43    The defendants, while operating the Section 8 Voucher program, have not made

8   reasonable accommodations in rules, policies, practices, or services, when such accommodations

9   may be necessary to afford a handicapped person, like Ms. Wilson and other qualified

10  individuals, equal opportunity to use and enjoy a dwelling unit.

11      5.44    Ms. Wilson and SHA executed a number of documents at the outset of her

12  participation in the Section 8 Voucher program and periodically thereafter.

13      5.45    These documents included a Section 8 Voucher, a personal declaration, and other

14  forms.

15      5.46    All other Voucher holders executed similar documents with SHA as they entered

16  the program or thereafter.

17      5.47    These forms and documents collectively and individually created contractual

18  rights and responsibilities between Ms. Wilson and SHA.

19      5.48    These forms and documents collectively and individually created contractual

20  rights and responsibilities between other Voucher holders and SHA.

21      5.49    As one of their contractual obligations, the defendants promised Ms. Wilson and

22  other Section 8 Voucher holders that they would not discriminate against them or any of their

23  family members on the basis of handicap.

COMPLAINT... - 17

Columbia Legal Services
101 Yesler Way, #300
Seattle, WA 98104
Phone: (206) 464-5933  Fax: (206) 328-3386

1    5.50    As one of their contractual obligations, the defendants promised Ms. Wilson and

2    other Section 8 Voucher holders that they would provide reasonable accommodations to disabled

3    Voucher holders or their families, if necessary.

4    5.51    As one of their contractual obligations, the defendants promised Ms. Wilson and

5    other Section 8 Voucher holders that they would comply with applicable federal regulations, the

6    federal and state constitutions, and other applicable laws before terminating Section 8 Vouchers.

7    5.52    As one of their contractual obligations, the defendants promised Ms. Wilson and

8    other Section 8 Voucher holders that they would provide them with informal hearings that

9    complied with applicable federal regulations, the federal and state constitutions, and other

10   applicable laws before terminating Section 8 Vouchers.

11   5.53    Ms. Wilson and other Voucher holders participated in the defendants' Section 8

12   Voucher program in consideration for the defendants' contractual promises.

13   5.54    Ms. Wilson and other Voucher holders did not take advantage of other

14   opportunities in consideration for the defendants' contractual promises.

15   5.55    The defendants breached their contractual obligations to Ms. Wilson and other

16   Voucher holders by terminating them without first affording them appropriate reasonable

17   accommodations, by discriminating against them on the basis of handicap, by failing to provide

18   them with informal hearings that met applicable requirements and by failing to notify them of

19   their rights to judicial review and how to access such judicial review.

20   5.56    The defendants' breaches of their contractual obligations caused significant injury

21   to Ms. Wilson and other similarly situated people.

22

23

COMPLAINT... - 18

1

## VI.   CLASS ACTION ALLEGATIONS

2    6.1    Plaintiff, Markeletta Wilson, brings this action on her own behalf and on behalf of

3 a class of similarly situated people pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of

4 Civil Procedure.

5    6.2    Ms. Wilson seeks certification of a class of similarly situated individuals

6 described as:

7    (a)    All people whom the defendants have terminated from the Section 8 Housing

8 Choice Voucher program in the last six years and all people whom the defendants will terminate

9 from the program in the future.

10    6.3    The proposed class is so numerous that joinder of all class members is

11 impracticable.

12    6.4    Though the exact number is presently unknown, plaintiff believes that the

13 defendants have terminated more than 500 individuals from the Section 8 Voucher program in

14 the last six years.

15    6.5    Because of the defendants' actions, many class members and their families have

16 been forced to relocate from their former homes and may now be homeless.

17    6.6    The plaintiff and the proposed class share common issues of law and fact as

18 detailed herein.

19    6.7    Ms. Wilson's claims are typical of the claims of the members of the class.

20    6.8    Ms. Wilson and her attorneys will fairly and adequately protect the interests of the

21 class.

22    6.9    The defendants have acted or refused to act on grounds generally applicable to the

23 class, making declaratory and injunctive relief appropriate for the class as a whole.

COMPLAINT... - 19

1

2

## VII.   FACTS DEMONSTRATING NEED FOR INJUNCTIVE AND DECLARATORY RELIEF

3   7.1   As a result of the defendants' actions, Ms. Wilson and the proposed plaintiff class

4   have suffered and, in the absence of the requested declaratory and injunctive relief, will continue

5   to suffer irreparable harm.

6   7.2   The defendants have failed to change their customs, practices or policies to avoid

7   continuing injury to the plaintiff or the plaintiff class members.

8   7.3   Ms. Wilson and the plaintiff class members continue to suffer on-going financial,

9   physical, emotional and social injuries as a result of the defendants' violations of Ms. Wilson's

10   rights and those of the plaintiff class members.

11   7.4   Ms. Wilson and the plaintiff class have no plain, speedy, or adequate remedy at

12   law that will protect them from future violations of their rights.

13   7.5   Ms. Wilson and the members of the proposed plaintiff class potentially face

14   homelessness or are suffering from homelessness because of the defendants' unconstitutional

15   and illegal conduct.

16   7.6   Ms. Wilson and the other members of the plaintiff class are paying more in

17   housing costs than they would have had the defendants not violated their legal rights.

18   7.7   The defendants' illegal actions have made it more difficult for Ms. Wilson and the

19   other members of the plaintiff class to receive new federal housing assistance through the

20   Section 8 Voucher program or another federal housing program.

21   7.8   The issuance of a permanent injunction is in the public interest.

22

23

COMPLAINT... - 20

1

## VIII.   CLAIMS FOR RELIEF

2

### First Claim For Relief – Violation of Due Process Clause
### of United States Constitution.

3

4    8.1    The defendants' terminations of plaintiff's Section 8 Voucher and the Section 8

5   Vouchers of all other class members, under color of state law, without providing them with

6   informal hearings that comported with due process requirements as alleged above, violated rights

7   secured to plaintiff and members of the plaintiff class by the Due Process Clause of the

8   Fourteenth Amendment to the United States Constitution. Such violations are actionable

9   pursuant to 42 U.S.C. § 1983.

10

### Second Claim For Relief –Violation of Federal Laws
### Requiring Certain Pre-Termination Procedural Protections

11

12    8.2    The defendants' terminations of plaintiff's Section 8 Voucher and the Section 8

13   Vouchers of all other class members, under color of state law, without providing them with

14   informal hearings that comported with due process requirements as alleged above, violated rights

15   secured to plaintiff and members of the plaintiff class by certain federal statutes and regulations,

16   including 42 U.S.C. § 1437f and 24 C.F.R. §§ 982.551-553 & 982.555.  Such violations are

17   actionable pursuant to 42 U.S.C. § 1983.

18

### Third Claim for Relief – Violation of Fair Housing Act
### Prohibiting Intentional Discrimination On The Basis of Handicap

19

20    8.3    The defendants intentionally discriminated against Ms. Wilson and other similarly

   situated individuals on the basis of disability when the defendants terminated their Section 8

21

   Vouchers for reasons related to the Voucher holders' disabilities or those of family members in

22

23

COMPLAINT... - 21

1    violation of the Fair Housing Act of 1968, 42 U.S.C. § 3604(f)(1)-(2), and its implementing

2    regulations.

3                    **Fourth Claim for Relief – Violation of Fair Housing Act**
            **Prohibiting Actions That Have A Disparate Impact on Handicapped People**

4

5           8.4     The defendants imposed or enforced policies, rules or regulations upon or against

      Ms. Wilson and other similarly situated people with handicaps while terminating their Section 8
6
      Vouchers, which had discriminatory effects or disparate impacts on those handicapped people in
7
      violation of the Fair Housing Act of 1968, 42 U.S.C. § 3604(f)(1)-(2), and its implementing
8
      regulations.
9

10                    **Fifth Claim For Relief – Violation of Fair Housing Act**
                    **For Failure To Reasonably Accommodate Disabilities**

11          8.5     The defendants failed and refused to reasonably accommodate the plaintiff's

12    disability and the disabilities of plaintiff class members and failed and refused to investigate

13    whether such reasonable accommodations were necessary before terminating their Section 8

14    Vouchers in violation of the Fair Housing Act of 1968, 42 U.S.C. § 3604(f)(1)-(2), and its

15    implementing regulations.

16                  **Sixth Claim For Relief – Violation of Other Federal Laws**
                    **Prohibiting Discrimination Against The Disabled**
17                  **For Failure To Reasonably Accommodate Disabilities**

18          8.6     The defendants' failure and refusal to reasonably accommodate plaintiff's

19    disability and the disabilities of other members of the plaintiff class and failure and refusal to

20    investigate whether such reasonable accommodations were necessary before terminating their

21    Section 8 Vouchers also violated § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, the

22    Americans with Disabilities Act, 42 U.S.C. § 1213, and their implementing regulations.

23

COMPLAINT... - 22

1

## Seventh Claim For Relief – Violation of Federal Laws
## For Failure To Affirmatively Further Fair Housing

2

3      8.7      The defendants' termination of plaintiff's and other disabled persons' Vouchers

without properly determining whether reasonable accommodations were necessary and without

4

providing such reasonable accommodations, violated their obligations to the plaintiff and

5

plaintiff class members to affirmatively further fair housing pursuant to the Fair Housing Act, 42

6

U.S.C. § 3608, and the Quality Housing and Work Responsibility Act, 42 U.S.C. § 1437, and

7

their implementing regulations, 24 C.F.R. §§ 107.20, 903.7(o) & 982.53(b)-(c).

8

## Eighth Claim For Relief – Supplemental State Claim –
## Violation of Due Process Clause of Washington State Constitution

9

10      8.8      The defendants' termination of plaintiff's Section 8 Voucher and the Section 8

11   Vouchers of all other class members, under color of state law, without providing them with

12   informal hearings that comported with due process requirements as alleged above, violated rights

13   secured to plaintiff and members of the plaintiff class by the Due Process Clause of the

14   Washington State Constitution, Art I § 3.

15

## Ninth Claim for Relief – Supplemental State Claim –
## Violation of Washington's Laws Against Discrimination
## Prohibiting Intentional Discrimination On The Basis of Disability

16

17      8.9      The defendants intentionally discriminated against Ms. Wilson and other similarly

18   situated disabled individuals on the basis of disability when the defendants terminated their

19   Section 8 Vouchers for reasons related to the Voucher holders' disabilities or those of family

20   members in violation of Washington's Laws Against Discrimination, RCW 49.60.222(1)(b) &

21   (1)(f). Such violations are actionable pursuant to RCW 49.60.030(2)

22

23

COMPLAINT... - 23

1

## Tenth Claim for Relief – Supplemental State Claim –
## Violation of Washington's Laws Against Discrimination  Prohibiting
2 ## Actions That Have A Disparate Impact Upon People With Disabilities

3    8.10   The defendants' imposed policies, rules or regulations upon Ms. Wilson and other

4  similarly situated people with disabilities while terminating their Section 8 Vouchers, which had

5  discriminatory effects or disparate impacts on such disabled people in violation of Washington's

6  Laws Against Discrimination, RCW 49.60.222(1)(b) & (1)(f).  Such violations are actionable

7  pursuant to RCW 49.60.030(2).

8    ## Eleventh Claim For Relief – Supplemental State Claim –
## Violation of Washington's Laws Against Discrimination
9  ## For Failing To Reasonably Accommodate Disabilities

10   8.11    The defendants failed and refused to reasonably accommodate the plaintiff's

11  disability and the disabilities of plaintiff class members before terminating their Section 8

12  Vouchers and failed and refused to properly determine whether reasonable accommodations

13  were necessary before terminating their Section 8 Vouchers in violation of Washington's Laws

14  Against Discrimination, RCW 49.60.222(2)(b). Such violations are actionable pursuant to RCW

15  49.60.030(2).

16   ## Twelfth Claim For Relief – Supplemental State Claim –
## Breach of Contract
17

18   8.12    The defendants breached their contractual obligations to the plaintiff and to the

   plaintiff class causing them injury by discriminating against them on the basis of handicap, by
19

   failing to reasonably accommodate their handicaps or disabilities, and by failing to comply with
20

   applicable federal regulations, the federal and state constitutions, and other applicable laws
21

   before finally terminating their Section 8 Vouchers.
22

23

COMPLAINT... - 24

Columbia Legal Services
101 Yesler Way, #300
Seattle, WA 98104
Phone: (206) 464-5933 Fax: (206) 328-3386

1

## IX.   **PRAYER FOR RELIEF**

2       The plaintiff on her own behalf and on behalf of all plaintiff class members prays that the

3   Court grant the following relief:

4       9.1     Certification of the class as proposed above pursuant to Fed. R. Civ. P. 23(b)(2);

5       9.2     a declaratory judgment, pursuant to 28 U.S.C. § 2201, declaring that:

6       (a)     The defendants' actions prohibiting plaintiff and members of the plaintiff class

7   from presenting legal arguments or legal defenses at informal hearings violated rights secured to

8   plaintiff and members of the plaintiff class by the Due Process Clause of the Fourteenth

9   Amendment to the United States Constitution, Article I § 3 of Washington's Constitution, and

10   applicable federal statutes and regulations;

11       (b)     the defendants' failures to provide notice to the plaintiff and other members of the

12   plaintiff class as part of the informal hearing process of their right to judicial review of SHA's

13   termination decisions, the process to seek such review and the associated timeline for seeking

14   such review, violated rights secured to plaintiff and members of the plaintiff class by the Due

15   Process Clause of the Fourteenth Amendment to the United States Constitution, Article I § 3 of

16   Washington's Constitution, and applicable federal statutes and regulations;

17       (c)     the defendants' prohibitions against raising reasonable accommodation defenses

18   at informal hearings and refusal to take any steps to determine whether such accommodations

19   were necessary violated rights secured to the plaintiff and members of the plaintiff class under

20   the Fair Housing Act, 42 U.S.C. § 3604(f)(1)-(2) & (3)(b), § 504 of the Rehabilitation Act, 29

21   U.S.C. § 794, the Americans with Disabilities Act, 42 U.S.C. § 12182, and Washington's Laws

22   Against Discrimination, RCW 49.60.222(2)(b);

23

COMPLAINT... - 25

1        (d)     the defendants' failures to reasonably accommodate the plaintiff and members of

2  the plaintiff class by barring them from raising reasonable accommodation defenses at informal

3  hearings and by refusing to take any steps to determine whether such accommodations were

4  necessary before terminating the plaintiff's or the plaintiff class members' Vouchers violated the

5  defendants' obligations to affirmatively further fair housing required by the Fair Housing Act, 42

6  U.S.C. § 3608, and the Quality Housing And Work Responsibility Act, 42 U.S.C. § 1437, and

7  their implementing regulations;

8        (e)     the defendants intentionally discriminated against the plaintiff and plaintiff class

9  members on the basis of disability by terminating their Vouchers for reasons related to their

10  disabilities in violation of the Fair Housing Act, 42 U.S.C. § 3604(f)(1)-(2) & (3)(b), § 504 of the

11  Rehabilitation Act, 29 U.S.C. § 794, the Americans with Disabilities Act, 42 U.S.C. § 12182,

12  and Washington's Laws Against Discrimination, RCW 49.60.222(1)(b) & (1)(f);

13        (f)     the defendants have enforced rules, regulations or policies against the plaintiff and

14  plaintiff class members that have discriminatory effects or disparate impacts against these

15  disabled people in violation of the Fair Housing Act, 42 U.S.C. § 3604(f)(1)-(2) & (3)(b), § 504

16  of the Rehabilitation Act, 29 U.S.C. § 794, the Americans with Disabilities Act, 42 U.S.C. §

17  12182, and Washington's Laws Against Discrimination, RCW 49.60.222(1)(b) & (1)(f); and

18        (g)     the defendants have breached contractual obligations that they have to the

19  plaintiff and plaintiff class members and that such breaches have caused the plaintiff and plaintiff

20  class members significant harm;

21        9.3     a preliminary and permanent injunction prohibiting the defendants from

22  terminating any additional Section 8 Vouchers until they provide informal hearings that meet all

23  applicable federal and state constitutional, statutory and regulatory requirements by providing

COMPLAINT... - 26

Columbia Legal Services
101 Yesler Way, #300
Seattle, WA 98104
Phone: (206) 464-5933  Fax: (206) 328-3386

1  informal hearings overseen by sufficiently trained, skilled and knowledgeable hearing officers,

2  informal hearings at which Voucher holders may raise any relevant factual or legal issue and

3  have that issue considered by the hearing officer, and a preliminary and permanent injunction

4  requiring the defendants to properly notify Voucher holders of their rights to seek judicial review

5  and of the process to seek such review following adverse informal hearing decisions in the

6  future;

7      9.4     a permanent injunction requiring the defendants to provide new informal hearings

8  that all meet applicable federal and state constitutional, statutory and regulatory requirements to

9  all individuals whom the defendants have terminated from the Section 8 Voucher program within

10  the last six years;

11     9.5     an award of the plaintiff's reasonable attorneys' fees incurred in litigating this

12  matter and all of their costs of suit pursuant to 42 U.S.C. § 1988, RCW 49.60.030(2) and any

13  other applicable statute, contract or rule of court; and

14     9.6     any and all further relief as the Court deems just, equitable and proper.

16  Respectfully submitted this 20th day of February, 2009.

17                              COLUMBIA LEGAL SERVICES


19

20  Nicholas B. Straley, WSBA #25963
    Merf Ehman, WSBA #29231
    Attorneys for the plaintiffs.



COMPLAINT... - 27                          Columbia Legal Services
                                            101 Yesler Way, #300
                                             Seattle, WA 98104
                               Phone: (206) 464-5933  Fax: (206) 328-3386