The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARKELETTA WILSON, MARIE TOWNES, and all other similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>SEATTLE HOUSING AUTHORITY, et al.,<br><br>Defendants. | CLASS ACTION<br><br>No. 2:09-CV-00226-MJP<br><br>ORDER GRANTING PLAINTIFFS' CR 37 SUBMISSION REGARDING SEATTLE HOUSING AUTHORITY ANSWERS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION.<br><br>NOTE ON MOTION CALENDAR:<br><br>THURSDAY, AUGUST 12, 2010<br><br>(PROPOSED) |

The Plaintiffs filed the foregoing motion asking the Court to order the Defendant, Seattle Housing Authority to answer certain interrogatories and respond to certain requests for production within 14 days. The Plaintiffs also sought their attorneys fees and costs associated with seeking this order.

The Court having reviewed the CR 37(a)(1)(B) submission filed by the Plaintiffs makes the following findings and conclusions:

The Court considered the following pleadings and evidence:

ORDER GRANTING PLAINTIFFS'
CR 37 SUBMISSION …- 1
No. 2:09-CV-00226-MJP

1. Plaintiffs' CR 37 Submission Regarding Seattle Housing Authority Answers And Responses To Plaintiffs' Second Set Of Interrogatories And Requests For Production;

2. Declaration of Plaintiff's Counsel, Nicholas B. Straley, and documents attached as exhibits thereto;

Based upon the pleadings and evidence presented, the Court finds:

1. The Plaintiffs sought answers and responses to interrogatories and requests for production from Defendant, Seattle Housing Authority (SHA).

2. Defendant unreasonably refused to provide any answers or produce any documents after receiving the Plaintiffs' discovery requests within the time frame required by Fed. R. Civ. Pro 33 and 34.

3. Plaintiffs conferred with SHA in good faith on a number of occasions regarding this delinquent discovery on a number of occasions.

4. Nonetheless SHA continues to fail to comply with its discovery obligations.

5. SHA's refusal to comply with its discovery obligations was not substantially justified.

6. Plaintiff's counsel provided the Court with contemporaneous time records that set out the time counsel spent litigating the discovery dispute. The Court finds that these time records are complete and detailed and accurately set out the actual time Plaintiff's counsel spent litigating these two matters.

7. Plaintiff's counsel spent _12.2__ hours seeking the discovery from the SHA and then litigating this motion.

10. The Court finds that this amount of time is reasonable and appropriate and that the _12.2__ hours for which Plaintiff seeks an award of fees is a reasonable number of hours.

ORDER GRANTING PLAINTIFFS'
CR 37 SUBMISSION …- 2
No. 2:09-CV-00226-MJP

11. This number of hours is reasonable because of the amount of time Plaintiffs' counsel spent attempting to get SHA to comply with its discovery obligations.

12. Plaintiffs' counsel, Nicholas B. Straley, seeks an hourly rate of $250.00 per hour.

13. Plaintiffs' attorney has presented evidence to support this requested rate and the Court finds that it is an appropriate and reasonable hourly rate given counsel's experience and qualifications and the prevailing market rate in the Seattle area.

14. Therefore, the Court finds that the Plaintiffs incurred reasonable attorney fees of $_3,050.00_ due to SHA's failure to comply with its discovery obligations.

Based on the above findings, It Is Ordered:

1. The Plaintiff's motion is granted.

2. The Plaintiff is hereby awarded her reasonable attorney fees of $_3,050.00_ against Defendant, Seattle Housing Authority.

3. This award shall incur interest at the rate of 12% per annum from this date forward until the award is fully paid.

4. In addition, SHA shall answer each of the following interrogatories and respond to each of the following requests for production contained in Plaintiffs Second Set of Interrogatories and Request for Production within fourteen (14) calendar days of entry of this order.

ORDER GRANTING PLAINTIFFS'
CR 37 SUBMISSION …- 3
No. 2:09-CV-00226-MJP

INTERROGATORIES

**INTERROGATORY NO. 1**
Identify each person whose Section 8 Voucher you terminated following an informal hearing at any time during the putative class period.
**ANSWER:**

**INTERROGATORY NO. 2.**
Identify each Section 8 Voucher holder or Public Housing tenant you communicated with at any time during the putative class period, based in whole or in part on the person's actual or alleged failure to comply with the requirement set out in your Section 8 Administrative Plan, your Public Housing Admissions and Occupancy Policy manual, or in any other SHA policy document that a family must inform SHA regarding new family member(s) within 10 days of the addition of the new member, "for increases due to birth, adoption, or court-awarded custody."
**ANSWER:**

**INTERROGATORY NO. 3.**
Identify all Section 8 Voucher holders and Public Housing tenants who notified SHA of their interest in adding a child or children to their households during the putative class period.
**ANSWER:**

**INTERROGATORY NO. 4.**
Identify all Section 8 Voucher holders and Public Housing tenants with whom you directly communicated and required to provide proof of "court-awarded custody" in order to add a child or children to their households during the putative class period.
**ANSWER:**

**INTERROGATORY NO. 5.**
Identify any documents that Public Housing tenants must provide to you in order to comply with any requirement in any other SHA policy document that families prove they have "court-awarded custody" in order to add a child or children to their households.
**ANSWER:**

**INTERROGATORY NO. 6.**
Section 7(B) of your Section 8 Administrative Plan reads in part: "The family must inform SHA regarding new family member(s) within 10

ORDER GRANTING PLAINTIFFS'
CR 37 SUBMISSION …- 4
No. 2:09-CV-00226-MJP

days of the addition of the new member, for increases due to birth, adoption or court-awarded custody." Identify any documents that Section 8 Voucher holders must provide to you in order to comply with the requirement that families prove they have "court-awarded custody" in order to add a child or children to their households.
**ANSWER:**

**INTERROGATORY NO. 7.**
In your termination letter to the Plaintiff MARIE TOWNES dated December 13, 2005, you stated that you were terminating her participation in the Section 8 program, in part, for "failing to provide information to SHA to verify Malayshaa Townes is in your legal custody." Identify the "information" or documents that would have satisfied your demand that Ms. Townes' prove that Malayshaa Townes was in her "legal custody".
**ANSWER:**

**INTERROGATORY NO. 8:**
Identify all facts that support the assertion on page two of your Motion to Join the U.S. Department of Housing and Urban Development (Dkt. No. 11) that your Section 8 Administrative Plan "was approved by HUD."
**ANSWER:**

**INTERROGATORY NO. 9:**
Identify all individuals with personal knowledge regarding your answer to Interrogatory No. 8.
**ANSWER:**

**INTERROGATORY NO. 10:**
Identify each person whose Section 8 Voucher you terminated following an informal hearing at any time during the putative class period and whose household received any income at the time of the termination from the Federal Supplemental Security Income program (SSI), the federal Social Security Disability Insurance program (SSDI), the Washington state General Assistance Unemployable program (GAU), or from any other federal or state program that provides financial benefits to individuals with mental or physical impairments.
**ANSWER:**

ORDER GRANTING PLAINTIFFS'
CR 37 SUBMISSION …- 5
No. 2:09-CV-00226-MJP

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1)**
Produce an unredacted copy of each Section 8 informal hearing decision you issued at any time during the putative class period.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2.**
Produce an unredacted copy of each Section 8 Voucher termination notice you sent to each person you identified in your answer to Interrogatory No. 1.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3.**
Produce all documents that you or any other person presented as part of each informal hearing that lead to the termination of each person you identified in your answer to Interrogatory No. 1.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4.**
For each person you identified in your answer to Interrogatory No. 1, produce all documents that indicate or suggest that the person or any other person living in that person's household has or had any type of mental or physical impairment.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5.**
Produce unredacted documents that show that the people you identified in your answer to Interrogatory No. 10 lived in households that received state or federal disability benefits at the time you terminated them from the Voucher program and produce all documents that relate to the mental or physical impairment upon which those benefits were granted.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6.**
Produce an unredacted copy of each Section 8 Voucher termination notice you sent to any person other than one you identified in your answer to Interrogatory No. 1 during the putative class period.
**RESPONSE:**

ORDER GRANTING PLAINTIFFS'
CR 37 SUBMISSION …- 6
No. 2:09-CV-00226-MJP

**REQUEST FOR PRODUCTION NO. 7.**
Produce an unredacted copy of each communication you have sent to any Section 8 Voucher holder or Public Housing tenant during the putative class period in which you have accused the person of housing an unauthorized occupant who is under the age of 18.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8.**
Produce unredacted copies of all documents relating to each communication referred to in Interrogatory No. 2 between you and each person you identify in your answer to Interrogatory No. 2.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9.**
For each person you identified in your answer to Interrogatory No. 2, produce unredacted copies all documents related to your assertions that the person failed to comply with the requirement that a family must inform SHA regarding a new family member within 10 days of the addition of the new member, "for increases due to birth, adoption, or court-awarded custody." This request includes, but is not limited to all documents that explain how your allegations were addressed and the matter resolved.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10.**
For each person you identified in your answer to Interrogatory No. 3, produce all documents related to each person's notification of his or her interest to add a child or children to the person's household, including but not limited to your response to each notification and the result of each notification.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11.**
Produce all SHA Section 8 Voucher policies in existence at any time during the putative class period that require Voucher holders to report the presence or absence of any child or children in their households to you.
**RESPONSE:**

ORDER GRANTING PLAINTIFFS'
CR 37 SUBMISSION …- 7
No. 2:09-CV-00226-MJP

**REQUEST FOR PRODUCTION NO. 12.**
Produce all documents that relate to the formulation, modification, or implementation of the policies that you provided in your response to the prior Request for Production.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13.**
Produce all SHA's policies in existence at anytime during the putative class period that require that Public Housing tenants report the presence or absence of any child or children in their households to you.
**ANSWER:**

**REQUEST FOR PRODUCTION NO. 14.**
Produce all documents that relate to the formulation, modification, or implementation of the policies that you provided in your response to the prior Request for Production.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15.**
Produce all SHA policies in existence at anytime during the putative class period that set out the manner in which SHA considered or considers reasonable accommodations to Section 8 Voucher holders with mental or physical impairments or other household members with mental or physical impairments.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO.16.**
Produce all documents that relate to the formulation, modification, or implementation of the policies that you provided in your response to the prior Request for Production.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17.**
You alleged that your Section 8 Administrative Plan "was approved by HUD" on page two of your Motion to Join the U.S. Department of Housing and Urban Development (Dkt. No. 11). Produce a copy of each written approval of your Section 8 Administrative Plan that HUD has provided to you at any time prior to or during the putative class period.
**RESPONSE:**

ORDER GRANTING PLAINTIFFS'
CR 37 SUBMISSION …- 8
No. 2:09-CV-00226-MJP

**REQUEST FOR PRODUCTION NO. 18.**
Produce all documents related to any of the facts you set out in your answer to Interrogatory Number 8 that show that HUD approved any of your Section 8 Administrative Plans.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19.**
Produce all documents related to all communications between you and Lawrence Weldon that occurred at any time since you began using Mr. Weldon as a hearing officer.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20.**
Produce all documents contained in all files maintained regarding Lawrence Weldon.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21.**
Produce all documents contained in all files maintained regarding any other person you have used as a Section 8 informal hearing officer at any time during the putative class period.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22.**
Produce all non-privileged communications regarding Mr. Weldon from any SHA director, officer, employee, agent, representative, attorney or other person related to SHA to any other person.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23.**
Produce all documents that you have provided to any of your hearing officers at any time regarding the manner in which to conduct a Section 8 informal hearing; the laws, rules, regulations, policies, or procedures that apply to such hearings; or the laws, rules, regulations, policies, or procedures that apply to Section 8 Voucher terminations.  This request includes any relevant training materials, manuals, handbooks, policy guides or written instructions of any kind.
**RESPONSE:**

ORDER GRANTING PLAINTIFFS'
CR 37 SUBMISSION …- 9
No. 2:09-CV-00226-MJP

**REQUEST FOR PRODUCTION NO. 24.**
Produce a complete copy of the letter Ms. Markeletta Wilson sent to you in December 2006 addressed: "To All Parties This is of Interest to" and labeled "ISSUES that need to be Considered and Addressed", including a copy of the final page of that letter.
**RESPONSE:**

**REQUEST FOR PROUCTION NO. 25.**
Produce all documents that relate to your allegation in your Answer to Amended Complaint for Injunctive and Declaratory Relief and Monetary Damages that Plaintiffs' claims, in whole or in part, are time barred by applicable statutes of limitation or by other reasons or by both.
**RESPONSE:**

**REQUEST FOR PROUCTION NO. 26.**
Produce all documents that relate to your allegation in your Answer to Amended Complaint for Injunctive and Declaratory Relief and Monetary Damages that Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.
**RESPONSE:**

**REQUEST FOR PROUCTION NO. 27.**
Produce all documents that relate to your allegation in your Answer to Amended Complaint for Injunctive and Declaratory Relief and Monetary Damages that Plaintiffs' have failed, in whole or in part, to exhaust administrative remedies.
**RESPONSE:**

**REQUEST FOR PROUCTION NO. 28.**
Produce all documents that relate to your allegation in your Answer to Amended Complaint for Injunctive and Declaratory Relief and Monetary Damages that Plaintiffs' have failed in whole or in part to mitigate damages.
**RESPONSE:**

**REQUEST FOR PROUCTION NO. 29.**
Produce all documents that relate to your allegation in your Answer to Amended Complaint for Injunctive and Declaratory Relief and Monetary Damages that if the Plaintiffs' suffered damages, the damages may have been caused by Plaintiffs' own actions.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30.**
If not provided in response to any prior request for production, produce any other document that is related to any of the factual allegations or claims contained in the Plaintiffs' Third Amended Complaint, or that relate to any factual allegation, claim, affirmative defense, counterclaim or other allegation you intend to include in your answer to the Plaintiffs' Third Amended Complaint or have included in your answer to the Plaintiffs' original Complaint.
**RESPONSE:**

ORDER GRANTING PLAINTIFFS'
CR 37 SUBMISSION …- 11
No. 2:09-CV-00226-MJP

DATED this _22nd_ day of _September_, 2010.

*[signature]*
Marsha J. Pechman
United States District Judge

Presented by:
COLUMBIA LEGAL SERVICES

/s/
By_____
NICHOLAS B. STRALEY, WSBA# 25963
Columbia Legal Services
101 Yesler Way, Ste 300
Seattle, WA 98104
Phone: 206-464-5933
Fax: 206-382-3386
Email: merf.ehman@columbialegal.org
       nick.straley@columbialegal.org
Attorneys for Plaintiffs

ORDER GRANTING PLAINTIFFS'
CR 37 SUBMISSION …- 12
No. 2:09-CV-00226-MJP