UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Markeletta Wilson, et al., <br><br> Plaintiff, <br><br> v. <br><br> Seattle Housing Authority, et al. <br><br> Defendant. | CASE NO. 2:09-cv-00226-MJP <br><br> ORDER ON MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT |

The above-entitled Court, having received and reviewed

1. Plaintiffs' Motion for Leave to Amend Third Amended Complaint (Dkt. No. 88)

2. Federal Defendants' Response to Plaintiffs' Motion for Leave to Amend Third Amended Complaint (Dkt. No. 89)

3. Seattle Housing Authority Defendants' Response to Plaintiffs' Motion for Leave to Amend Third Amended Complaint (Dkt. No. 90)

4. Reply in Support of Plaintiffs' Motion for Leave to Amend Third Amended Complaint (Dkt. No. 91)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that the motion is GRANTED.

Plaintiffs served Defendant Seattle Housing Authority (SHA) with discovery in May 2010, but received nothing back from SHA until October (following a court order). Based on that discovery, Plaintiffs state that they are now aware that (contrary to what SHA claimed previously) there is no proof that Defendant Department of Housing and Urban Development (HUD) had specifically approved of SHA's Administrative Plan. Plaintiffs wish to withdraw that part of their claims against HUD (while preserving the claim that HUD promulgated unconstitutional regulations which form the basis of SHA's assisted household procedures).

Plaintiffs have already alleged (in their Third Amended Complaint) that SHA's refusal to allow children to be added to a Section 8 household unless provided with legal custody documentation violates the Fair Housing Act and the Washington Law Against Discrimination (WLAD). Now they wish to add that claim for a proposed new "Assisted Families" class, described as

> All people whom the defendants, SHA and Thomas Tierney, have required or will require to show proof that they have court approved legal custody of any children *with whom they live at the time they seek admission to the Voucher or Public Housing programs or at any time after being admitted to either program and all people who have sought or will seek to add a person related by blood or by close familial relation to any household assisted by SHA* (hereinafter "Assisted Families Class")

Proposed Fourth Amended Complaint, Ex. 1, ¶ 3.5(a) (revision to previous complaint italicized).

The revised claim adds (1) an additional factual scenario (the addition of a "person related by blood or by close familial relation" to an assisted household) and (2) an additional subclass of applicants for Section 8 housing ("at the time they seek admission to" housing). HUD has no objection as long as their pending summary judgment is permitted to apply to the amended complaint and it does not affect their noting date – Plaintiffs are agreeable to both conditions.

SHA does not object to the HUD revision or the additional factual scenario of requests to add persons related by blood to an assisted household. They do object to the addition of an "applicants" subclass on the grounds that Plaintiff Townes was a Section 8 voucherholder and therefore has no standing to prosecute claims for housing "applicants."

Plaintiffs' position is that, whether one is an applicant or a voucherholder, the policy is the same and is illegally applied to both. Ninth Circuit precedent is cited for the proposition that

> … it is not necessary that all questions of fact and law be common to satisfy [FRCP 23]. [Instead], the existence of shared legal issues with divergent factual predicates is sufficient…

Rodriguez v. Hayes, 591 F.3d 1005, 1122 (9th Cir. 2010)(quoting Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998). The Court agrees that, on that basis, Townes has standing to raise the claim for voucherholders and applicants. Defendants are free to challenge her adequacy as a class representative at the certification stage of the litigation.

Plaintiffs will be permitted to file their Fourth Amended Complaint. Defendant HUD's pending summary judgment motion will go forth as noted and be considered in light of the new complaint.

1    The clerk is ordered to provide copies of this order to all counsel.

2    Dated January _4_, 2011.

*[signature]*

Marsha J. Pechman
United States District Judge