UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARKELETTA WILSON, et al., | CASE NO. C09-0226MJP |
| Plaintiff, | ORDER ON PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS AGAINST DEFENDANTS, SEATTLE HOUSING AUTHORITY AND THOMAS TIERNEY |
| v. | |
| SEATTLE HOUSING AUTHORITY, et al., | |
| Defendant. | |

This comes before the Court on Plaintiffs' Motion for Discovery Sanctions.  (Dkt. No. 104.)  Having received and reviewed

1.  Plaintiffs' Motion for Discovery Sanctions against Defendants Seattle Housing Authority and Thomas Tierney (Dkt. No. 104).

2.  Defendants Seattle Housing Authority and Thomas Tierney's Opposition to Plaintiffs' Motion for Discovery Sanctions (Dkt. No. 116).

3.  Plaintiffs' Reply in Support of Motion for Discovery Sanctions against Defendants, Seattle Housing Authority and Thomas Tierney (Dkt. No. 120).

ORDER ON PLAINTIFFS' MOTION FOR
DISCOVERY SANCTIONS AGAINST
DEFENDANTS, SEATTLE HOUSING
AUTHORITY AND THOMAS TIERNEY- 1

1    and all attached declarations and exhibits, the Court makes the following ruling:

2         IT IS ORDERED that, 5 days from the filing of this order Defendants Seattle Housing

3    Authority and Thomas Tierney shall provide Plaintiffs with

4         1. redacted public housing grievance hearing decisions,

5         2. non-privileged documentation from Seattle Housing Authority Unlawful Detainer files,

6         3. e-mails and correspondence between Seattle Housing Authority and its hearing

7    officers,

8         4. electronic notes of the approximately 500 individual voucher holders specified by

9    Plaintiffs, and

10        5. documentation regarding Hearing Officer Lawrence Weldon's employment before

11   2005.

12        IT IS FURTHER ORDERED that Plaintiffs are awarded $13,150 in attorneys' fees,

13   which shall be remitted 5 days from the filing of this order.

14

15                              **Background**

16        Plaintiffs brought this class action suit against the Seattle Housing Authority ("SHA")

17   and United States Department of Housing and Urban Development ("HUD") challenging

18   terminations of participants in the Section 8 housing voucher program.

19        Plaintiffs filed their second set of interrogatories and requests for production on May 3,

20   2010.  On August 12, Plaintiffs filed a motion asking this Court to compel discovery, which the

21   Court granted, setting October 6 as the deadline to comply.  On October 6, SHA returned the

22   interrogatories and requests for production with some answers and some indications that

23   additional responsive documents would follow.

24
ORDER ON PLAINTIFFS' MOTION FOR
DISCOVERY SANCTIONS AGAINST
DEFENDANTS, SEATTLE HOUSING
AUTHORITY AND THOMAS TIERNEY- 2

1    On January 3, 2011, the deadline for discovery motions, Plaintiffs filed this motion for

2    discovery sanctions asking the Court to accept a number of specific allegations as fact and award

3    Plaintiffs attorneys' fees.  Since this motion was filed, SHA has produced some, but not all, of

4    the information sought by Plaintiffs.  In their reply, Plaintiffs have amended their request to seek

5    a five-day limit for SHA to fully comply with outstanding discovery requests and attorneys' fees.

6

7                                              **Discussion**

8    A.  Establishing Allegations as Fact

9          Plaintiffs have abandoned their original motion for the Court to establish certain

10   allegations as fact.  (Pl. Reply at 1.)  The Court acknowledges and agrees with Plaintiffs'

11   amendment in light of Defendants' recent productions.

12

13   B.  The Outstanding Documents

14         To this point, SHA has failed to produce five categories of documents: (1) copies of

15   redacted public housing grievance hearing decisions, (2) non-privileged documentation from

16   SHA Unlawful Detainer files, (3) e-mails and correspondence between SHA and its hearing

17   officers, (4) electronic notes of approximately 500 specific individual voucher holders, and (5)

18   documentation regarding Hearing Officer Lawrence Weldon's employment before 2005.

19   Plaintiffs are entitled to all of these documents.

20         Plaintiffs also claim SHA has not provided a signed copy of answers and responses to the

21   second set of interrogatories.  However, the copy included in their motion for sanctions is

22   electronically signed by then-counsel Scott Barbara. (Pl. Mot. Br., Ex. 2 at 21.)  If Plaintiffs'

23   complaint is that the party did not sign the verification on page 22, it is unfounded.  A party must

24

ORDER ON PLAINTIFFS' MOTION FOR
DISCOVERY SANCTIONS AGAINST
DEFENDANTS, SEATTLE HOUSING
AUTHORITY AND THOMAS TIERNEY- 3

1    sign only if he or she is unrepresented.  Fed.R.Civ.P. 26(g)(1).  The Court declines to order

2    Defendants to produce a signed copy of their October 6 reply to Plaintiffs' second set of

3    interrogatories and requests for production.

4

5        1.  <u>Promised Documents</u>

6            SHA has agreed to provide Plaintiffs with (1) copies of redacted public housing

7    grievance hearing decisions, (2) non-privileged documentation from SHA Unlawful Detainer

8    files, and (3) e-mails and correspondence between SHA and its hearing officers.  (Pl. Reply, Ex.

9    9.)  These documents are significantly overdue.  SHA is ordered to produce these documents 5

10   days from the filing of this order.

11

12       2.  <u>Terminated Voucher Holders</u>

13           Plaintiffs are entitled to electronic notes regarding the approximately 500 voucher holders

14   they have specified.  (<u>See</u> Pl. Reply, Ex. 5.)

15           SHA's argument against providing these notes is complicated by the fact that SHA

16   interprets Plaintiffs' request as seeking notes on the over 8,000 current voucher holders.  SHA

17   argues Plaintiffs' discovery requests "do not address <u>all</u> Voucher holders, only terminated

18   Voucher holders."  (Def. Resp. Br. at 4 (emphasis in original).)  This argument is correct and

19   affirmed by Plaintiffs.  (Pl. Reply Br. at 3.)  Additionally, it undermines SHA's argument that

20   producing notes on the 500 terminated participants would be "extremely burdensome."  (Def.

21   Resp. Br. at 3.)

22           "It is well established that a failure to object to discovery requests within the time

23   required constitutes a waiver of any objection."  <u>Richmark Corp. v. Timber Falling Consultants,</u>

24
     ORDER ON PLAINTIFFS' MOTION FOR
     DISCOVERY SANCTIONS AGAINST
     DEFENDANTS, SEATTLE HOUSING
     AUTHORITY AND THOMAS TIERNEY- 4

1    959 F.2d 1468, 1473 (9th Cir. 1992).  Because SHA did not object when the request was first

2    made or even by the time limit set when the Court ordered SHA to comply, SHA has waived any

3    right to object.  SHA is ordered to produce these electronic notes 5 days from the filing of this

4    order.

5

6        3.    <u>Documentation regarding Lawrence Weldon's employment</u>

7            Plaintiffs indicate they have received documentation regarding Mr. Weldon's

8    employment from 2005 to the present.  Mr. Weldon became an SHA hearing officer in 2003.

9    SHA has not objected to earlier records or indicated they are nonexistent.  The information

10   regarding Mr. Weldon's early employment is probative of SHA's training and oversight of its

11   hearing officers, and Plaintiffs have clearly requested the documentation.  Any objection SHA

12   could have raised is waived by its failure to do so thus far.  SHA is ordered to produce this

13   documentation 5 days from the filing of this order.

14

15   C.  <u>Attorneys' Fees</u>

16           Plaintiffs are entitled to "the reasonable expenses, including attorney's fees, caused by

17   [SHA's] failure" to comply with the Court's previous order.  Fed.R.Civ.P. 37(b)(2)(C).  SHA

18   primarily argues against an award of fees and alternatively for a reduction in the amount

19   Plaintiffs originally sought.  Plaintiffs have reduced the amount they seek and have requested a

20   more reasonable amount.

21

22

23

24
     ORDER ON PLAINTIFFS' MOTION FOR
     DISCOVERY SANCTIONS AGAINST
     DEFENDANTS, SEATTLE HOUSING
     AUTHORITY AND THOMAS TIERNEY- 5

1. <u>Fee Award</u>

SHA argues attorneys' fees are improper because SHA's failure to provide all potentially responsive documents was not willful.  (Def. Resp. Br. at 9.)  This argument fails because willfulness is not pertinent to whether sanctions are justified.  Sanctions are justified when a party "fails to obey an order to provide or permit discovery[.]"  Fed.R.Civ.P. 37(b)(2)(A).  In addition to any of the discretionary sanctions suggested by that subsection, a "court <u>must</u> order the disobedient party ... to pay the reasonable expenses, including attorney's fees[.]"  Fed.R.Civ.P. 37(b)(2)(C).  The only exceptions are if the "failure was substantially justified" or an award would be unjust.  <u>Id.</u>

SHA next argues that its failure was substantially justified.  This argument also fails.  SHA characterizes its failure as a failure to provide "newly requested documents[.]"  (Def. Resp. Br. at 9.)  The relevant failure for sanctions under Rule 37(b) is SHA's failure to comply with the Court's September 22 order to answer and respond by October 6.  SHA's October 6 answers and responses included numerous assurances that additional materials were to be supplied separately.  The delay of over three months since SHA made those assurances is not substantially justified.  SHA does not even address these months; instead it emphasizes the short amount of time between specific requests made on December 22 and the motion for sanctions filed on January 3.

SHA cannot justify its failure to comply with the Court's order.  Plaintiffs are entitled to reasonable attorneys' fees.

2. <u>Lodestar Calculation</u>

SHA does not challenge the $250/hour fee Plaintiffs have suggested.  The only number in dispute is the amount of time spent.  Plaintiffs have amended their request to a reasonable amount of $13,150 for 52.6 hours worked.

Plaintiffs' original request of over $60,000 in attorneys' fees included time reviewing individual files of Section 8 voucher holders.  As SHA correctly argues, Plaintiffs would have had to review those files regardless of SHA's failure to comply.  Plaintiffs' document review was not <u>caused by</u> SHA's failure, so it is not compensable.

Plaintiffs have reduced the overall amount they seek.  Plaintiffs ask for $13,150 to compensate for time "attempting to obtain answers and responses … preparing and filing the Plaintiffs' Motion for Sanctions … and reviewing SHA's response and preparing [the] reply." (Pl. Reply Br. at 5, n. 1.)  They also seek "a reasonable figure to compensate them for some amount" of time spent reviewing files at SHA facilities because they uncovered the existence of additional materials during their review.  (<u>Id.</u> at 5-6.)  Regardless of what they found, their review was not caused by SHA and is not compensable.

SHA's only argument against Plaintiffs' modified amount is that eighteen hours drafting the motion for sanctions is unreasonable.  (Pl. Resp. Br. at 11, n. 10.)  The eighteen hours associated with drafting the motion included creating charts outlining the still-missing documents, compiling declarations, and preparing the numerous exhibits.  The Court finds the 52.6 hours reasonable, excludes the time spent reviewing SHA files, and awards Plaintiffs $13,150 in attorneys' fees.

ORDER ON PLAINTIFFS' MOTION FOR
DISCOVERY SANCTIONS AGAINST
DEFENDANTS, SEATTLE HOUSING
AUTHORITY AND THOMAS TIERNEY- 7

1                                          **Conclusion**

2          The Court GRANTS Plaintiffs' Motion for Discovery Sanctions and orders SHA to

3   produce (1) all copies of redacted public housing grievance hearing decisions, (2) all non-

4   privileged documentation from SHA Unlawful Detainer files, (3) all e-mails and correspondence

5   between SHA and its hearing officers, (4) all electronic notes of the specifically named

6   individual voucher holders, and (5) documentation regarding Lawrence Weldon's employment

7   prior to 2005 by 5 days from the filing of this order.  SHA has promised to produce most of these

8   documents and cannot reasonably object to the others given the documents' relevance and

9   SHA's failure to object before now.

10         The Court GRANTS Plaintiffs' Motion for Attorneys' Fees and awards Plaintiffs $13,150

11  for time spent because of SHA's failure to comply with the Court's previous order.  The

12  attorneys' fees shall also be due within 5 days of the filing of this order.

13

14         The clerk is ordered to provide copies of this order to all counsel.

15         Dated: February _3rd_, 2011.

16

17

18         _____
           Marsha J. Pechman
19         United States District Judge

20

21

22

23

24
    ORDER ON PLAINTIFFS' MOTION FOR
    DISCOVERY SANCTIONS AGAINST
    DEFENDANTS, SEATTLE HOUSING
    AUTHORITY AND THOMAS TIERNEY- 8