1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
9                      AT SEATTLE

10   MARKELETTA WILSON,                    CASE NO. 2:09-CV-00226-MJP

11              Plaintiff,                 ORDER ON:
                                               1.   MOTION FOR PROTECTIVE
12        v.                                        ORDER
                                               2.  MOTION TO COMPEL
13   SEATTLE HOUSING AUTHORITY,

14              Defendant.

15

16        The Court, having received and reviewed:

17        1.  Plaintiffs' Motion for Protective Order (Dkt. No. 144)

18        2.  SHA's Response to Plaintiffs' Motion for Protective Order (Dkt. No. 147)

19        3.  Reply in Support of Plaintiffs' Motion for Protective Order (Dkt. No. 152)

20        4.  Joint Motion for Discovery/CR 37 (Dkt. No. 149)

21   and all attached declarations and exhibits, makes the following ruling:

22        IT IS ORDERED that the motion for protective order is GRANTED.  The protective

23   order proposed by Plaintiffs will be modified as follows:

24

"Confidential Information" includes social security account numbers, banking information, wages, payment history, credit scores, residential screening scores, birth dates, medical/disability information, residential and employment histories and personal contact information of any former or present Section 8 and Public Housing program applicants and participants and of family members of the plaintiffs or any other former or present Section 8 and Public Housing program applicants and participants who are not parties to this litigation.

The proposed order will further be modified at Paragraph 6 to read: "Confidential Information filed by any party to the above-referenced matter must be filed under seal *in accordance with LR 5(g)...*"  As modified, the order will be signed by the Court and placed on file in the court record as an attachment to this order.

IT IS FURTHER ORDERED that the CR 37 Joint Submission regarding discovery is PARTIALLY GRANTED and PARTIALLY DENIED: all Plaintiffs are ordered to respond to the interrogatories and RFPs propounded by Seattle Housing Authority and all responses and materials concerning any person except the Plaintiffs will be subject to the restrictions of the protective order (so long as those persons are not parties to this litigation).

**Background**

In June of 2010, as the pace of discovery was picking up in this litigation, Plaintiffs drafted a proposed protective order concerning confidential medical information about the parties.   In response, Defendant Seattle Housing Authority (SHA) drafted a counter-proposal – a more wide-ranging general protective order governing all future discovery between the parties. Plaintiffs made changes to that order and communicated those changes to counsel for SHA (James Fearn and Scott Barbara, at the time) on July 13, 2010.  Among the changes was a revised definition for "Covered Documents and Confidential Information:"

> Documents that reflect social security account numbers, banking information, wages, payment history, credit scores, residential screening scores, birth dates, medical/disability information, residential and employment histories and personal contact information of *the Plaintiffs* or any other former or present Section 8 and Public Housing program applicants and participants and *of family members of the Plaintiffs* or any other former or present Section 8 and Public Housing program applicants and participants.

Plaintiffs Ex. 4, at 2-3 (emphasis supplied).  The agreement also stated that "[n]o one shall use information designated as 'Confidential' in any manner whatsoever except as necessary for the preparation for trial including motions practice, trial and appeal…"  Id. at 6.

It is undisputed that SHA did not object to any of these changes.   Discovery went forward: Plaintiffs were provided access to SHA files containing confidential information on hundreds of voucher holders, information which they then provided (without objection) to then-Defendant Department of Housing and Urban Development (HUD).  SHA stated that the material was being provided under the terms of the agreement.  Straley Decl. at ¶ 8.  Because of the agreement, Plaintiffs abstained from using confidential information obtained through discovery for purposes other than this lawsuit, even though it might have been beneficial to the class or to third parties.  Id. at ¶ 43.

In February 2011, SHA propounded interrogatories and Requests for Production (RFPs) to Plaintiffs concerning information about Plaintiffs and their family members which would fall under the definition of "Confidential Information" as communicated by Plaintiffs to SHA in July 2010.  When Plaintiffs sought assurances from SHA that any information provided would not be used for any purpose other than trial (e.g., for further termination proceedings based on fraud or other Section 8 violations), SHA refused to provide them.  Plaintiff Townes, in turn, refused to provide the information requested (Plaintiff Wilson provided the information without objection).  Plaintiffs offered a further revision to the protective agreement – that Plaintiffs' own confidential

1  information need not be protected, but that of any family members would remain subject to the

2  agreement – and SHA rejected the offer.  Id. at ¶¶ 40-41.

3        These developments produced two motions: (1) a motion from Plaintiffs for a protective

4  order (they have submitted a document which reflects the July 2010 restrictions which they

5  proposed by way of revision to SHA); and (2) a joint CR 37 joint motion to compel containing

6  SHA's request that Plaintiffs be ordered to divulge all the information requested without

7  limitations as to its use.

8        **Discussion**

9        <u>Protective Order</u>

10       The Court is at a loss to understand why SHA believes it is not bound by the protective

11  agreement (as modified without objection by Plaintiffs) which has been in place for nearly a year

12  during the discovery process.  A review of the record leads the Court to conclude that the parties

13  have been operating under the version of the protective agreement (Ex. 4) as revised by Plaintiffs

14  in July 2010.  The following facts are not disputed:

15       1.  SHA's counsel did not object to the changes at the time.
         2.  Discovery proceeded forward.
16       3.  Plaintiffs refrained from using the confidential information provided by SHA in any
             fashion not approved by the agreement.
17       4.  Plaintiffs turned over unredacted documents regarding putative class members and
             other individuals to HUD in reliance on the agreement that they would not be used in
18           other proceedings.
         5.  SHA expected Plaintiffs to abide by the agreement.
19
20  The accumulation of evidence points to the existence of a mutually-assented protective

21  agreement that included restrictions on the use of information provided regarding Plaintiffs,

22  members of Plaintiffs' households, and non-party voucher holders.

23       It is that agreement that Plaintiffs seek to enforce by way of this motion and, were it to be

24  enforced as it has stood since July 2010, SHA would be prohibited from using any data provided

ORDER ON MOTIONS - 4

which falls under the classification of "Confidential Information" – including information

concerning Plaintiffs -- for any purpose not related to this litigation.  However, as it appears that

Plaintiffs' counsel realized as the parties were attempting to resolve this impasse short of judicial

intervention, Plaintiffs are not in a position to restrict the use of information concerning

themselves.  Although Plaintiffs have apparently withdrawn their offer that SHA "could use

[their] records without limitation" (Straley Decl., ¶ 39), the Court is reinstating that condition.  It

would offend the principles of equity if Plaintiffs were to be permitted to initiate this litigation

and then place restrictions on the very information that their lawsuit has placed at issue.

Similarly, it would inequitable for those persons who have not placed their personal

information at issue by filing a lawsuit (all the non-party household members and past and

present voucher holders) to find their personal information used for any purpose not related to

this litigation.  Therefore, the Court will exclude Plaintiffs from the "Confidential Information"

definition, while maintaining protection for all non-parties whose relevant personal information

may be sought through discovery.

The Court believes that this addresses the legitimate concerns of both parties and will sign

this protective order as modified and incorporate it into the record by attachment.

Motion to compel

The Court believes that the new protective order resolves the issues presented by the joint

CR 37 motion.  Plaintiffs will be required to provide the information requested.  Those portions

of the information provided which are not about Plaintiffs will be considered "Confidential

Information" and thus subject to the restricted use provisions of the protective order.

1    The clerk is ordered to provide copies of this order to all counsel.

2    Dated April 21, 2011.

3

4

5    _____
     Marsha J. Pechman
6    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON MOTIONS - 6