THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARKELETTA WILSON, MARIE TOWNES, and all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>SEATTLE HOUSING AUTHORITY, et al.,<br><br>Defendants. | No. C09-00226 MJP<br><br>PRELIMINARY APPROVAL ORDER |

This matter came before the Court for consideration of the Joint Motion for Preliminary Approval of Proposed Class Action Settlement ("Joint Motion") made by Plaintiffs Markeletta Wilson and Marie Townes and Defendants Seattle Housing Authority ("SHA") and Thomas Tierney, Executive Director of SHA, in his official capacity.  The Court, having considered the Joint Motion, the declarations in support of the Joint Motion, the Settlement Agreement with its exhibits, and all other matters properly before the Court, hereby orders as follows:

1. The Court finds that the Settlement Agreement was the result of serious, informed, non-collusive, and arms-length negotiations between competent counsel assisted by the Hon. Terrence Carroll (ret.); that it falls within the range of reasonableness and possible approval; and that it treats all Class Members fairly.  The Court grants preliminary approval of

PRELIMINARY APPROVAL ORDER
(No. C09-00226 MJP) – 1

the Settlement Agreement, and its terms are conditionally approved, subject to final approval at the Fairness Hearing.

2. The Settlement Agreement is adopted by the Court and made part of this Order as if set out in full herein. The Court, for purposes of this Order, adopts the definitions set forth in the Settlement Agreement. All capitalized terms in this Order shall have the same meaning as in the Settlement Agreement.

3. Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2), the proposed Settlement Class is hereby provisionally certified for settlement purposes only. The Settlement Class is defined as follows: All SHA Section 8 voucher holders who had termination hearings on or after February 20, 2006 and before August 1, 2008 and whose Section 8 vouchers were terminated as a result of such hearings. The Settlement Class consists of 80 members; the identities of Class Members are known and listed on Exhibit E to the Settlement Agreement.

4. Pursuant to Federal Rule of Civil Procedure 23, and for purposes of settlement only, the Court makes the following preliminary findings of fact and conclusions of law:

    a. The Settlement Class is sufficiently definite;

    b. The Settlement Class is so numerous that joinder of all members of the Settlement Class is impracticable;

    c. There are questions of law and/or fact common to the Settlement Class;

    d. Plaintiffs' claims are typical of the claims of the members of the Settlement Class;

    e. Plaintiffs and their counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and

    f. The alleged acts or omissions of Defendants which are at issue in this litigation apply generally to the Settlement Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Settlement Class as a whole.

5.    The Court approves the proposed method of dissemination of notice set forth in the Settlement Agreement. The notice meets the requirements of due process and is reasonable under the circumstances. The Notice of Proposed Class Action Settlement shall be issued within thirty (30) Days of the date of this Order, all as set forth in the Settlement Agreement. Defendants shall notify the appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

6.    Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement must, no later than twenty-one (21) Days before the Fairness Hearing, file and serve a written statement of the objection(s). The written statement must include (a) a detailed statement of the Class Member's objection(s), as well as the specific reasons for each objection, including any evidence and legal authority the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of his or her objection(s); (b) the Class Member's name, address and telephone number; and (c) information demonstrating that the Class Member is entitled to be included as a member of the Class.

7.    Class Members may raise an objection either on their own or through an attorney hired at their own expense. If a Class Member hires an attorney other than Class Counsel to represent him or her, the attorney must, no later than twenty-one (21) Days before the Fairness Hearing, file and serve a notice of appearance.

8.    Class Members or their attorneys intending to make an appearance at the Fairness Hearing must, no later than twenty-one (21) Days before the Fairness Hearing, file and serve a notice of their intention to appear at the hearing.

9.    Any Class Member who fails to comply with paragraphs 6-8 above shall waive and forfeit any and all rights he or she may have to appear separately and/or object.

PRELIMINARY APPROVAL ORDER
(No. C09-00226 MJP) – 3

10. The Parties shall file any responses to objections no later than six (6) Days before the Fairness Hearing.

11. The motion for approval of Class Counsel's attorneys' fees and costs and Class Representative incentive payments shall be filed with the Court and posted on Columbia Legal Services' website no later than sixty (60) Days before the Fairness Hearing.  Any objections to the motion for approval of Class Counsel's attorneys' fees and costs and Class Representative incentive payments shall be filed with the Court no later than twenty-one (21) Days before the Fairness Hearing.  Any reply in support of the motion for approval of Class Counsel's attorneys' fees and costs and Class Representative incentive payments shall be filed with the Court no later than six (6) Days before the Fairness Hearing.

12. The Fairness Hearing shall be conducted on **Monday, January 9**, **2012**, at **4 p.m.**.  The Fairness Hearing shall take place in Courtroom 14206, 14th Floor, at the United States District Court for the Western District of Washington at Seattle, 700 Stewart Street, Seattle, WA 98101.  At the Fairness Hearing, the Court will consider whether to, among other things:  (a) grant final certification of the Settlement Class; (b) enter judgment in accordance with the Settlement Agreement; (c) approve the settlement as final, fair, reasonable, adequate and binding on all Class Members; (d) approve the payment of reasonable attorneys' fees and costs for Class Counsel and incentive payments to the Class Representatives, if any, pursuant to subsection 3.7 of the Settlement Agreement; and (e) order the release of all Class Members' claims pursuant to Section 9 of the Settlement Agreement and dismiss this Action with prejudice.

13. Pending further orders by this Court, all proceedings and case scheduling deadlines in this Action, other than proceedings pursuant to this Order, shall be and hereby are stayed.

DATED this _20th__ day of __September___, 2011.

_____
Marsha J. Pechman
United States District Judge

PRELIMINARY APPROVAL ORDER
(No. C09-00226 MJP) – 5